999 F.2d 543
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael Baird JORDAN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 89-15480.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 16, 1993.*
Decided July 21, 1993.
 
 1
 Before: HUG and LEAVY, Circuit Judges, and REAL,** Chief District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 On May 19, 1980, the petitioner, Michael B. Jordan, pled guilty in the Northern District of California to unarmed bank robbery in violation of 18 U.S.C. § 2113(a) and armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d). His guilty plea was predicated on an agreement with the prosecutor that "a sentence of eight years incarceration is appropriate" for the armed bank robbery. Excerpt of Record at 66. However, at sentencing, the court stated that it felt that eight years was inappropriate. When the court gave Jordan the opportunity to withdraw his guilty plea, Jordan did not protest when his attorney responded: "No, your Honor. We have discussed this at great length and I wish to submit this matter to the court on the indicated sentence." Excerpt of Record at 81. The court then imposed a sentence of ten years. Jordan's motion under Federal Rule of Criminal Procedure 35 for a correction of his sentence was denied.
 
 
 4
 Eight years later, on November 28, 1988, Jordan filed a motion under 28 U.S.C. § 2255 attacking the sentence and seeking specific performance of the eight year term. He alleged that his guilty plea was induced by the misrepresentations of his counsel. The district court held an evidentiary hearing and denied Jordan's petition, finding that "the evidence failed to support defendant's claim."
 
 
 5
 Jordan appeals, claiming ineffective assistance of counsel. He argues that the district court was required to ascertain that he understood his right to withdraw his guilty plea. He also claims that the court should have obtained his personal waiver of his right to withdraw the guilty plea, rather than allowing his attorney to speak for him.
 
 
 6
 We review the denial of a petition for a writ of habeas corpus de novo. Thomas v. Brewer, 923 F.2d 1361, 1364 (9th Cir.1991). We apply the "clearly erroneous" standard where it is necessary to review findings of fact. Id.
 
 
 7
 The court did not clearly err. There is no evidence to support Jordan's claim that his attorney told him that the court had agreed to reduce Jordan's sentence to eight years in a subsequent Rule 35 proceeding. Further, Jordan was informed he had the right to withdraw his guilty plea. The government said in open court: "The Government would ... request that Mr. Jordan understand that he does have the right to withdraw his plea." The Court, agreeing, asked Jordan directly: "You wish to withdraw your plea?" Reporter's Transcript of June 23, 1980, at 81. Finally, there is no authority in the case law for the proposition that the district court was required to obtain Jordan's personal waiver of his right to withdraw the guilty plea. There is no such requirement in Federal Rule of Criminal Procedure 11(e)(4) itself.
 
 
 8
 The United States Attorney renews a "Motion To Strike Non-Compliant Brief, For Sanctions, And For Dismissal Or Summary Affirmance of Appeal." A two-judge panel previously denied the motion on December 24, 1992. We decline to disturb that ruling. See Hard v. Burlington N.R.R., 870 F.2d 1454, 1458 (9th Cir.1989).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Manuel L. Real, Chief United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3